UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
CASSANDRA HARRAT,

                Plaintiff,

      -against-

HOME EVOLUTION ROOFING, LLC, f/k/a HOME
EVOLUTION CONTRACTOR LLC,

                Defendant.
------------------------------------------------------------------ X

Case No.: 1:24-cv-1515 (DNH/DJS)

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff, Cassandra Harrat, by and through her attorneys, Harding Mazzotti, LLP, hereby files this Complaint against Defendant, Home Evolution Roofing, LLC, formerly known as Home Evolution Contractor, LLC ("Defendant"), to allege upon knowledge concerning her own experience, and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

      1.     This action is brought to remedy the retaliatory, unlawful, and wrongful termination of Plaintiff, by the Defendant, following Plaintiff's protected complaint of sexual harassment and request for a reasonable disability accommodation. Plaintiff also asserts claims of discrimination and hostile work environment on the bases of gender and religion, which resulted in extreme emotional distress, exacerbating pre-existing medical conditions.

      2.     Plaintiff seeks declaratory relief, monetary relief, punitive damages, and attorneys' fees and costs.

### JURISDICTION AND VENUE

      3.     This Court has original jurisdiction over the subject matter of Plaintiff's claims pursuant to 28 U.S.C §1331, as her claims arise under the laws of the United States, namely Title

VII, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"). The Court has pendant jurisdiction over the New York State Human Rights Laws ("NYSHRL") claims.

4. This Court has jurisdiction over both the parties and the subject matter of this action pursuant to 28 U.S. Code § 1332(a) and the Defendant is a business in the State of New York. Furthermore, the amount in controversy exceeds $75,000 and the Defendant conducted business in and/or committed tortious acts within the State of New York.

## ADMINISTRATIVE REQUIREMENTS

5. On November 13, 2023, Plaintiff, through counsel, filed a Charge of Discrimination with the Equal Employment Opportunity Division ("EEOC"), EEOC No. 525-2024-00471, alleging violations of Title VII by the Defendant.

6. On September 13, 2024, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue which is annexed hereto as **Exhibit "A".** Plaintiff's Complaint is timely filed within 90 days of receipt of the Right to Sue.

## THE PARTIES

7. Plaintiff is and was at all times relevant, a female, over the age of eighteen, and a mother.

8. At all times hereinafter mentioned, Plaintiff was a resident of Johnsonville, New York, County of Rensselaer.

9. At all times hereinafter mentioned, Defendant, Home Evolution Roofing, LLC, formerly known as Home Evolution Contractor, LLC ("Home Evolution"), was a business, organized and existing under the laws of the State of New York and doing business within the state of New York, with a business address of 22 Crescent Terrace, Cohoes, NY 12047.

10. Upon information and belief, on or about December 19, 2023, Defendant filed an amendment with the Department of State to change its name from Home Evolution Contractor, LLC, to Home Evolution Roofing, LLC.

## STATEMENT OF FACTS

11. In or about July 2019, Defendant hired Plaintiff to work as a receptionist in its office.

12. In or about December 2022, Plaintiff was promoted to the job of Marketing Department Specialist.

13. At all relevant times, Defendant was a male dominated employer, employing far more men than women, and operated within a male dominated industry.

14. For a brief period of approximately two months at the end of 2022, Plaintiff, a single mother struggling to support her two children and pay the legal fees incurred during her ongoing custody battle, started an OnlyFans account to supplement her income during her personal time.

15. OnlyFans is a subscription site that allows content creators to upload and stream content behind a paywall which can be accessed by their subscribers for a monthly fee. Accounts are hosted by a variety of different kinds of content creators, including artists, writers, models, musicians, and fitness trainers, amongst others.

16. In or about December 2022, Plaintiff deleted this account.

17. Plaintiff did not share this account or the fact of its existence with Alex Kotsyuba ("Kotsyuba"), the owner of Home Evolution.

18. In or about March 2023, upon learning that Plaintiff needed to pay a substantial additional retainer to her custody attorney, Kotsyuba offered to pay it for her if, and only if,

Plaintiff ceased using her OnlyFans account (which was already deleted) and attended church services at a church of his choosing with her children.

19. Kotsyuba further told Plaintiff that she would be required to listen to religious podcasts of his choosing in order to repay the debt.

20. Plaintiff declined Kotsyuba's offer.

21. This was not Kotsyuba's first attempt to force his religion on Plaintiff.

22. From the outset of her employment, Kotsyuba subjected Plaintiff to continuous, unsolicited, and unwanted indoctrination attempts both in person and over text message.

23. Kotsyuba repeatedly told Plaintiff she was "going to hell" and that he wished to "save" her. He would tell her he was praying for her and send her sermons and bible verses. He also repeatedly inserted his religious beliefs into work conversations, talking about Jesus, God, and the devil, and stating that only those who call upon Jesus would be saved.

24. Defendant would also send Plaintiff links to videos of the First Slavic Pentecostal Church's weekly services and religious podcasts.

25. Plaintiff did not feel like speaking out against Kotsyuba's constant religious speech was an option as he is and was her boss and the owner of Home Evolution and she was fearful of losing her job and income.

26. Plaintiff also heard Kotsyuba make discriminatory comments about women throughout her employment which were sometimes, but not always, tied to his religious beliefs.

27. Some of these comments, completely inappropriate in a workplace, were that "women should be married" and "women should not have sex outside of marriage." Notably, these comments about marriage and sex outside of marriage were made about women only.

28. Plaintiff found such comments especially offensive and pointed as Kotsyuba was aware that she was a single mother.

29. Also throughout Plaintiff's employment, despite his religious preachings, Kotsyuba made frequent inappropriate sexual comments to Plaintiff. For example, he commented to Plaintiff "you know how good sex feels on earth, imagine how good it will feel in heaven." He also shared with Plaintiff unsolicited and unwanted details about his sex life with his wife.

30. In 2021, Plaintiff expressed interest in a Project Manager Position that Defendant had available. Despite Plaintiff being interested and a more qualified candidate, Kotsyuba promoted Leo Khomchuk ("Khomchuk"), a man, to the position. When Plaintiff asked Kotsyuba why she had not been given the job, he condescendingly questioned whether she would get on a roof if she had to, strongly implying that it was a man's job.

31. Despite promoting Khomchuk instead of Plaintiff, Kotsyuba was clearly aware that Plaintiff was the more knowledgeable and qualified candidate as he then required Plaintiff to train Khomchuk, assist him with his work when he couldn't keep up, and handle issues that arose as the result of the work he did do.

32. On or about May 10, 2023, Plaintiff was informed via text by a female coworker, Angela Newton ("Newton"), that Kotsyuba had relayed that the company would not be hiring any more moms. Newton reinforced this several times in her text exchange with Plaintiff stating that Kotsyuba had refused to hire a pregnant prospective employee and that he made comments about mothers belonging at home, stated that "it never used to be a thing" because women used to stay home while men worked, and that it is always the mother that calls out if something happens. Additionally, Newton told Plaintiff that Kotsyuba's restriction on who Defendant wouldn't hire extended to "gays," "lesbians," "trans," "witches," "old people," and "brown people."

33. In or about August 2023, Plaintiff learned that a male coworker, Zobair Shabab ("Shabab") had been asking Plaintiff's coworkers if they had a link to her OnlyFans account. Upon information and belief, Shabab learned of the already deleted OnlyFans account from Kotsyuba.

34. Plaintiff was deeply distressed by this information which further exacerbated an already hostile work environment replete with attempts at religious indoctrination, sexual harassment, and gender discrimination.

35. The ongoing and pervasive hostile work environment exacerbated the symptoms of Plaintiff's previously diagnosed Post Traumatic Stress Disorder ("PTSD") and anxiety both are which are qualifying disabilities under the ADA.

36. As a result, on September 7, 2023, Plaintiff, through counsel, sent Kotsyuba correspondence via email. The cover email itself directed more than once that it was personal and confidential and for Kotsyuba only and the letter attachment once more prominently featured the words personal and confidential.

37. In this correspondence, counsel advised Kotsyuba in brief that it had been retained by Plaintiff in connection with claims against Defendant for discrimination and hostile work environment in violation of Title VII and the NYSHRL and that more detailed correspondence would follow. The letter went on to request that, in the interim, Plaintiff be permitted to work from home as a reasonable accommodation under the NYSHRL and the Americans with Disabilities Act as she suffered from diagnosed anxiety disorder and PTSD which was being exacerbated by the workplace atmosphere to such an extent that she was experiencing panic attacks.

38. Plaintiff had been permitted by Defendant to work from home at times prior to this request and could perform her job with this accommodation in place and without creating an undue burden on the company.

39. On September 11, 2023, Defendant, also through counsel, denied Plaintiff's request for a work from home accommodation.

40. Less than two weeks after receiving Plaintiff's counsel's letter which included protected complaints against Defendant and a request for a reasonable accommodation, Plaintiff was fired by Defendant effective immediately on September 20, 2023 in a clear act of retaliation.

41. Shockingly, the termination letter stated that the reason for termination was "extreme misconduct, including but not limited to the creation of a hostile work environment in the workplace."

42. Importantly, prior to Plaintiff's protected complaints and protected activities on September 7, 2023, Defendant had never accused Plaintiff of any such misconduct.

## AS AND FOR A FIRST CAUSE OF ACTION
### Gender Discrimination and Sexual Harassment
### in violation of Title VII, 42 U.S.C. § 2000 et seq.

43. Plaintiff repeats, realleges, and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

44. The Plaintiff is and was at all times a member of a protected class.

45. Defendant discriminated against Plaintiff in the disparate terms, conditions, and privileges of her employment by subjecting her to gender discrimination and sexual harassment on account of her gender.

46. The treatment complained of was discriminatory in nature and directed at the Plaintiff because of her gender.

47. Plaintiff suffered severe emotional distress as a result of the gender discrimination and sexual harassment perpetrated by Defendant.

48. Plaintiff suffered significant economic loss as a result of the termination of her employment by Defendant that resulted from her protected sexual harassment complaints.

49. Defendant should also be liable to Plaintiff for punitive damages, since Defendant was intentionally or recklessly indifferent to Plaintiff's rights in harassing her, discriminating, and creating a hostile work environment.

50. Defendant engaged in discrimination with malice or with reckless indifference to the right of the Plaintiff to be free from such intentional discrimination.

51. Defendant discriminated in the face of a perceived risk that their actions would violate federal law.

## AS AND FOR A SECOND CAUSE OF ACTION
**Retaliation for Protected Complaints in Violation of Title VII 42 U.S.C. § 2000e *et seq.***

52. Plaintiff repeats, realleges and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

53. The Defendant retaliated against Plaintiff in violation of her rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* for making protected complaints alleging hostile work environment sexual harassment.

54. Plaintiff was terminated due to her protection actions.

55. Plaintiff suffered severe emotional distress as a result of the termination.

56. Plaintiff suffered significant economic loss as a result of the termination.

57. Defendant should also be liable to Plaintiff for punitive damages, since Defendant was intentionally and recklessly indifferent to Plaintiff's rights in terminating her for her protected complaints.

58. Defendant engaged in retaliation with malice and with reckless indifference to the right of the Plaintiff to be free from such illegal actions.

59. Defendant discriminated in the face of a perceived risk that its actions would violate federal law.

**AS AND FOR A THIRD CAUSE OF ACTION**
**Gender Discrimination and Sexual Harassment in violation of**
**New York State Human Rights Law, New York State Executive Law § 296(7)**
**in the form of Hostile Work Environment**

60. Plaintiff repeats, realleges, and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

61. The Plaintiff is and was at all times a member of a protected class.

62. Defendant discriminated against Plaintiff in the disparate terms, conditions, and privileges of her employment by subjecting her to discrimination and sexual harassment on account of her gender.

63. The treatment complained of was discriminatory in nature and directed at the Plaintiff because of her gender.

64. Plaintiff suffered severe emotional distress as a result of the sexual harassment and discrimination perpetrated by Defendant.

65. Plaintiff suffered significant economic loss as a result of the termination of her employment by Defendant that resulted from her protected sexual harassment complaints.

66. Defendant should also be liable to Plaintiff for punitive damages, since Defendant was intentionally or recklessly indifferent to Plaintiff's rights.

67. Defendant engaged in discrimination with malice or with reckless indifference to the right of the Plaintiff to be free from such intentional discrimination.

68. Defendant discriminated in the face of a perceived risk that their actions would violate state law.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Retaliation for Protected Complaints in violation of
### New York State Human Rights Law, New York State Executive Law § 296(7)

69. Plaintiff repeats, realleges and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

70. The Defendant retaliated against Plaintiff in violation of her rights secured by New York State Human Rights Law, New York State Executive Law § 296(7) for making allegations of hostile work environment sexual harassment.

71. Plaintiff was terminated due to her protected actions.

72. Plaintiff suffered severe emotional distress as a result of the termination.

73. Plaintiff suffered significant economic loss as a result of the termination.

74. Defendant should also be liable to Plaintiff for punitive damages, since Defendant was intentionally and recklessly indifferent to Plaintiff's rights in terminating her.

75. Defendant engaged in discrimination with malice and with reckless indifference to the right of the Plaintiff to be free from such intentional discrimination.

76. Defendant discriminated in the face of a perceived risk that their actions would violate state law.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Religious Discrimination Hostile Work Environment
### in violation of Title VII, 42 U.S.C. § 2000 et seq.

77. Plaintiff repeats, realleges, and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

78. Defendant subjected Plaintiff to a hostile work environment on the basis of religious beliefs.

79. The treatment complained of was harassing and unwelcome and directed at the Plaintiff on the basis of religion.

80. Plaintiff suffered emotional distress as a result of this harassment.

81. Defendant should also be liable to Plaintiff for punitive damages, since Defendant was intentionally or recklessly indifferent to Plaintiff's rights to be free from harassment on the basis of religion and a hostile work environment created by such harassment.

82. Defendant engaged in this harassment with malice or with reckless indifference to the right of the Plaintiff to be free from such a hostile environment,

83. Defendant engaged in this harassment in the face of a perceived risk that their actions would violate federal law.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Religious Discrimination Hostile Work Environment in violation of NYSHRL

84. Plaintiff repeats, realleges, and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

85. Defendant subjected Plaintiff to a hostile work environment on the basis of religious beliefs.

86. The treatment complained of was harassing and unwelcome and directed at the Plaintiff on the basis of religion.

87. Plaintiff suffered emotional distress as a result of this harassment.

88. Defendant should also be liable to Plaintiff for punitive damages, since Defendant was intentionally or recklessly indifferent to Plaintiff's rights to be free from harassment on the basis of religion and a hostile work environment created by such harassment.

89. Defendant engaged in this harassment with malice or with reckless indifference to the right of the Plaintiff to be free from such a hostile environment,

90. Defendant engaged in this harassment in the face of a perceived risk that their actions would violate state law.

## AS AND FOR A SEVENTH CAUSE OF ACTION
**Discrimination and Failure to Accommodate Under the Americans With Disabilities Act**

91. Plaintiff repeats, realleges, and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

92. Plaintiff claims Defendants violated Titles I and V of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

93. At all times relevant, Plaintiff had a qualifying disability under the ADA.

94. By its actions detailed above, Defendant unlawfully discriminated against Plaintiff because of her disability by failing to accommodate her in violation of the ADA.

95. By its actions detailed above, Defendant terminated Plaintiff following her request for a reasonable accommodation of her disability.

96. By reason of the foregoing, Plaintiff is entitled to remedies including but not limited to damages for emotional distress, attorneys' fees and costs, prejudgment interest, and punitive damages, in amounts to be determined at trial.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
**Disability Discrimination and Failure to Accommodate Under the NYSHRL**

97. Plaintiff repeats, realleges, and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

98. At all times relevant, Plaintiff had a qualifying disability under the NYSHRL.

99. By its actions detailed above, Defendant unlawfully discriminated against Plaintiff because of her disability by failing to accommodate her in violation of the NYSHRL.

100. By its actions detailed above, Defendant terminated Plaintiff following her request for a reasonable accommodation of her disability.

101. By reason of the foregoing, Plaintiff is entitled to remedies including but not limited to damages for emotional distress, attorneys' fees and costs, prejudgment interest, and punitive damages, in amounts to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands judgment in her favor against Defendant as follows:

A. Declaring that Defendant has engaged in, and enjoining Defendant from continuing to engage in, unlawful employment practices prohibited by federal and New York State law;

B. Awarding Plaintiff back pay, front pay, prejudgment interest, lost fringe benefits, compensatory damages including emotional distress damages, liquidated damages, punitive damages, costs and attorney's fees; and

C. Awarding Plaintiff such other, further, and/or different relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury with respect to all issues properly triable by jury.

Dated: December 12, 2024
Albany, New York

**HARDING MAZZOTTI, LLP**

By: _/s/ Melanie Lazarus_
Melanie J. Lazarus, Esq. (Bar ID: 705826)
*Attorneys for Plaintiff*
1 Wall Street
Albany, New York 12205
Tel. & Fax: (518) 556-3476
Email: Melanie.Lazarus@1800law1010.com

13

To:    Home Evolution Roofing, LLC
        f/k/a Home Evolution Contractor, LLC
        22 Crescent Terrace
        Cohoes, NY 12047