UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASSANDRA HARRAT,

Plaintiff,

-v- 1:24-CV-1515 (DNH/DJS)

HOME EVOLUTION ROOFING, LLC

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

**DECISION & ORDER**

## I. INTRODUCTION

On December 12, 2024, plaintiff Cassandra Harrat ("plaintiff"), acting through counsel, filed this employment discrimination action against her former employer, defendant Home Evolution Roofing, LLC ("defendant"). Dkt. No. 1. Defendant answered, Dkt. No. 7, and the parties filed a joint civil case management plan, Dkt. No. 10.

On March 13, 2025, U.S. Magistrate Judge Daniel J. Stewart held an initial conference with the parties. Text Minute Entry at 3/13/25. There, counsel for both parties agreed on a number of things, including a schedule for discovery. *See id.* About one month later, defendant's counsel filed a joint status

report on behalf of the parties indicating that discovery was progressing, albeit slowly, and that the parties were exploring whether settlement discussions or a conference might be productive. Dkt. No. 17.

But things petered out from there. On December 15, 2025, after roughly nine months had elapsed, plaintiff's counsel filed a letter seeking permission to withdraw as counsel. Dkt. No. 18. There, counsel explained that the details of that request should be reviewed *in camera* by Judge Stewart to avoid prejudicing her client. *Id.* Judge Stewart granted that request, Dkt. No. 19, and plaintiff's counsel filed the motion to withdraw, Dkt. No. 20.

On December 30, 2025, Judge Stewart kicked the matter down the road a few weeks, scheduling an in-person conference to discuss the matter on January 13, 2026. Dkt. No. 21. Importantly, Judge Stewart's text order setting down the in-person conference explained to plaintiff that "**Plaintiff and Plaintiff's counsel are required to attend**." *Id.* (emphasis added).

On the date of the hearing, the lawyers for both sides showed up. But plaintiff did not. At that time, the docket report reflects that Judge Stewart:

> [Made] a record with regard to the mailing of the December 30, 2025 Text Order directing the Plaintiff to appear and that the Court has attempted to connect Plaintiff by telephone to the hearing with two numbers provided by counsel as stated on the record. The Court acknowledges receipt of the confidential declaration [from plaintiff's counsel]; counsel's request for in camera review is granted. Upon review and upon hearing further from counsel, the Court GRANTS the motion to withdraw. Counsel is relieved; a written order will follow. This matter is STAYED for 30 days. A

> status conference is set for Thursday, February 12, 2026 at 11:00 AM. **Plaintiff's presence at the February 12th conference is REQUIRED whether she has retained new counsel or not by that time**.

Text Minute Entry 1/13/26 (emphasis added); *see also* Dkt. No. 26.

On January 14, 2026, the day after the conference, Judge Stewart made a further record:

> Plaintiff was directed by the Court to attend an in-person hearing scheduled for January 13, 2026, regarding her attorneys Motion to Withdraw. *See* Dkt. Nos. 21-22. Plaintiff's counsel filed an Affidavit of Service indicating that, on January 2, 2026, Plaintiff was served with, among other things, the Motion to Withdraw and the Notice of Hearing. *See* Dkt. No. 24. Nevertheless, Plaintiff failed to appear. Efforts by Court staff to reach out to her utilizing available telephone numbers were unsuccessful. The Court then granted the Motion to Withdraw and directed that a new conference be held on February 12, 2026, at 11:00 am. Plaintiff is once again directed to appear in-person at the upcoming court proceeding. **Plaintiff is specifically reminded and warned that her failure to comply with court orders, attend conferences and hearings, and/or actively participate in the discovery process can result in sanctions being imposed against her, and those sanctions can include the dismissal of the Plaintiff[']s Complaint.**

Dkt. No. 25 (emphasis in original); *see also* Dkt. No. 27. Once again, plaintiff failed to show up conference. Text Minute Entry at 2/12/26.

On August 17, 2026, after waiting nearly six more months, defendant's counsel moved to dismiss under Rule 41 of the Federal Rules of Civil Procedure. Dkt. No. 29. Defendant served plaintiff with this motion along with a form written warning to plaintiff about the need to respond to the motion to

avoid dismissal of her case. Dkt. No. 29-2. So did the Clerk of the Court. Dkt. No. 30.

Neither mailing has bounced back to the Court. Even so, plaintiff has failed to oppose or otherwise respond to defendant's motion to dismiss. Nor has she responded to any of the other developments in the case or attempted to communicate with the Court. Because the deadline in which to respond elapsed nearly two months ago as of the date of this opinion, *see* Dkt. No. 29, the motion to dismiss will be considered on the basis of the available submissions without oral argument.[1]

Under Rule 41 of the Federal Rules of Civil Procedure, a trial court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (explaining that "these rules" includes the Federal Rules and a district's local rules of practice).

The outright dismissal of a case is a "harsh remedy to be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d

[1] Because her attorney has withdrawn, plaintiff is now proceeding in this action *pro se*. Ordinarily, that would mean that her filings must be held to less stringent standards than pleadings drafted by an attorney. *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012). As the Second Circuit has repeatedly explained, *pro se* filings must be "construed liberally" with "special solicitude" and interpreted to raise the strongest claims that they suggest. *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). "This is particularly so when the pro se plaintiff alleges that her civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Of course, this body of law is an odd fit in this situation, since plaintiff has not filed anything and has ignored Court orders. Even so, the Court analyzes defendant's Rule 41 motion with the background knowledge that plaintiff, as a non-lawyer, is at an inherent disadvantage.

248, 254 (2d Cir. 2004). Even so, the authority to dismiss an action that a litigant has failed to prosecute "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 683 F.3d 37, 42 (2d Cir. 1982).

To determine whether dismissal instead of some lesser sanction is warranted, a district court must weigh five factors:

> (1) whether the plaintiff "caused a delay of significant duration";
>
> (2) whether the plaintiff was "given notice that further delay would result in dismissal";
>
> (3) whether the defendant was "likely to be prejudiced by further delay";
>
> (4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against [the] plaintiff's right to an opportunity for a day in court"; and
>
> (5) whether lesser sanctions would be effective.

*Drake*, 375 F.3d at 254. "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).

Measured against this general legal standard, defendant's motion to dismiss must be granted. First, plaintiff has caused a significant delay. Although the parties initially filed a joint status report indicating that the matter was moving forward slowly, Dkt. No. 17, discovery halted and plaintiff's counsel later sought to withdraw, Dkt. No. 18.

That set off a chain of events beginning in mid-December of 2025. Throughout that time period, and in light of the outstanding attorney representation issue, Judge Stewart repeatedly instructed plaintiff—not just her counsel—to attend scheduled court conferences in January and February. Plaintiff flouted those orders. Even so, defendant's counsel waited nearly six more months before moving to dismiss in August of 2026. Dkt. No. 29.

Thus, as of November 2026, there has been nearly a year of delay with no word from plaintiff. While short delays generally do not weigh in favor of dismissal, our Local Rules recognize that a delay of four months is "presumptive evidence of lack of prosecution," N.D.N.Y. L.R. 41.2(a), and courts regularly find that this factor weighs in favor of dismissal where, as here, the delay has stretched beyond a few months, *see, e.g.*, *Rouse v. Transworld Sys., Inc.*, 811 F. Supp. 3d 400, 406 (E.D.N.Y. 2025) (collecting cases).

Second, plaintiff has been given notice and warning that continued delay would result in dismissal. When plaintiff failed to appear for the January conference, Judge Stewart entered an order in which he "specifically reminded and warned" her that "failure to comply with court orders, attend conferences and hearings, and/or actively participate in the discovery process can result in sanctions being imposed against her, and those sanctions can include the dismissal of [her] Complaint." Dkt. No. 25. In a perfect world, plaintiff would have been furnished with more than just one warning like this before we found

ourselves here on a Rule 41 motion. But plaintiff had dropped off the map at that point, so it makes little sense to have expected Judge Stewart to enter more orders like this one. Plaintiff was given ample opportunities.

Third, defendant is likely to be prejudiced by further delay. The complaint alleges workplace discrimination claims arising from events that occurred in 2022 and culminated with plaintiff's termination in September of 2023. As is common in federal court, the action was not filed one year later, in December of 2024. And while the parties may have begun the discovery process at that point, things went almost nowhere. Indeed, as defendant's counsel points out, defendant served discovery and appeared at all required conferences but this case is still basically in a very early posture.

The simple passage of time makes a discrimination claim harder to investigate and defend. But courts are also willing to presume some level of prejudice where, as here, "the delay was lengthy and inexcusable." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (collecting cases) (quoting *Norden Sys., Inc.*, 375 F.3d at 256). At the very least, the delay from January 13, 2026—the date on which Judge Stewart first ordered plaintiff herself to show up and participate in this matter—through today (almost one year and counting) is entirely attributable to plaintiff's failure to participate in this action. Defendant has been prejudiced, and further delay will lead to more.

Fourth, the Court's need to keep cases on the docket moving along outweighs plaintiff's interest in receiving a further chance to be heard. Although plaintiff's failure to prosecute comes in the form of non-responsiveness (as opposed to vexatious or burdensome conduct), "the Court has a strong interest in managing its docket and cannot indefinitely wait for [plaintiff] to turn [her] attention to this case." *Pena v. Zazzle, Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022). In the absence of some indication that plaintiff has any intent to try to participate in this case, the Court is unwilling to permit this case to further stagnate on the docket.

Fifth and finally, there is no indication that some lesser sanction would be effective. Plaintiff has been completely unresponsive to Judge Stewart's prior orders. A lesser sanction than dismissal would necessarily come in the form of a further court order (just one from this Court rather than Judge Stewart) and would be just as likely to be ignored.

In sum, the relevant factors weigh strongly in favor of dismissal with prejudice for failure to prosecute this action or comply with court orders. Accordingly, defendant's motion to dismiss on this basis will be granted.

Therefore, it is

ORDERED that

1. Defendant's (Dkt. No. 29) motion to dismiss is GRANTED; and

2. Plaintiff's (Dkt. No. 1) complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: November 3, 2026
Utica, New York.

David N. Hurd
U.S. District Judge